UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS X. RICHMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-1905 SNLJ |
| | ) | |
| MICHAEL T. MINOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Demetrius X. Richmond, who is currently incarcerated at St. Charles County Department of Corrections, for leave to commence this civil action without prepayment of the filing fee. Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $53.11. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's official capacity claims without prejudice but will direct the Clerk of Court to issue process on defendants in their individual capacities as to plaintiff's claims of excessive force incident to his arrest.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff has submitted a certified inmate account statement. (Docket No. 4). The account statement shows an average monthly deposit of $265.55. The Court will therefore assess an initial partial filing fee of $53.11, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is currently a pretrial detainee in the St. Charles County Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983, naming defendant St. Louis City Police Officers Michael T. Minor, Archie Shaw, Derrick P. Fryre and Nijauh J. Woodard. The defendants are sued in both their official and individual capacities.

Plaintiff states that on December 22, 2016, St. Louis City Police Officers Minor, Shaw, Fryre and Woodard surrounded his vehicle after he crashed on Ohio Street in St. Louis City. He claims that they "pulled him" out of his vehicle, cuffed him and then started kicking him and punching him in the face and repeatedly tased him while he was still handcuffed. Plaintiff claims that after he was assaulted he was taken to the hospital where doctors took pictures of his injuries.

3

Plaintiff asserts in a conclusory manner that "the St. Louis City Police Department has a history of letting its officers" assault individuals during arrests even when individuals are not resisting.

Plaintiff is seeking $5 million for nominal damages; $2 million for compensatory damages; and $5 million for punitive damages. Plaintiff claims that he now suffers from permanent eye injuries as well as mental stress.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that St. Louis City Police Officers Minor, Shaw, Fryre and Woodard used excessive force while arresting him. Having thoroughly reviewed and liberally construed plaintiff's complaint, and for the reasons discussed below, the Court must dismiss plaintiff's official capacity claims. However, the Court will direct the Clerk of Court to issue process on the defendants in their individual capacities on plaintiff's claims of excessive force.

### A. Official Capacity Claims

Plaintiff's official capacity claims against defendants must be dismissed. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir.

2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Plaintiff alleges that defendants are employed by the St. Louis City Police Department. Accordingly, his official capacity claims are actually against their employer, the City of St. Louis City.

A local governing body such as St. Louis City can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the municipality's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of Cape Girardeau.

First, plaintiff can show that the City of St. Louis had an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on

its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim against the City of St. Louis by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, there are no facts supporting the proposition that plaintiff's constitutional rights were violated due to an unconstitutional policy or custom. He also fails to present any facts indicating that the City of St. Louis failed to train its employees. Instead, plaintiff's complaint focuses on a single instance of alleged excessive force that occurred against him on December 22, 2016. The Court, however, cannot infer the existence of an unconstitutional policy or custom from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991). As such, plaintiff's official capacity claims against defendants must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

## B. Individual Capacity Claims

Plaintiff's individual capacity claims against defendants are sufficient for purposes of § 1915 review.[1] "The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018). *See also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"); and *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force

---

[1] The Court notes that plaintiff currently has pending federal criminal charges arising out of this incident. *See United States v. Richmond*, No.4:17-CR-372 RWS (E.D.Mo.). Specifically, on December 3, 2018, the defendant pled guilty to one count of a three-count Indictment. Count 3 charged Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). Plaintiff's sentencing date is currently set for August 15, 2019. Nevertheless, it does not appear that plaintiff's claim has the potential to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), even if plaintiff is eventually convicted on these charges. That is, plaintiff's excessive force claims brought pursuant to 42 U.S.C. § 1983 will not necessarily imply the invalidity of any future conviction, because they relate solely to the effectuation of his arrest. *See Colbert v. City of Monticello, Ark.*, 775 F.3d 1006, 1007 (8th Cir. 2014) ("There is no inherent conflict between a conviction for resisting arrest or harassment of a police officer and a finding that the police officers used excessive force in effectuating the arrest").

7

claims that arise in the context of an arrest or investigatory stop of a free citizen"). The violation of this right is sufficient to support an action under § 1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

Whether force is excessive under the Fourth Amendment requires a determination of whether or not law enforcement officers' actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018).

Plaintiff alleges that during the course of his arrest, he was beaten and tased by four St. Louis City Police Officers. Plaintiff claims that at least some of this alleged assault occurred after he was already handcuffed and subdued by the Police Officers named as defendants in this action. He further asserts that he was then taken to the hospital as a result of this altercation. At this point, the Court must accept these allegations as true and make all reasonable inferences in favor of plaintiff. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). With that in mind, plaintiff's allegations are adequate to survive § 1915 review. Therefore, the Clerk of Court will be directed to issue process on defendants Minor, Shaw, Fryre, and Woodard in their individual capacities on plaintiff's claims of excessive force.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

8

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $53.11 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against defendants are **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant St. Louis City Police Officers Michael Minor, Archie Shaw, Derrick Fryre, and Nijauh Woodard in their individual capacities as to plaintiff's claims of excessive force. Defendants shall be served with process through the waiver of service agreement the Court maintains with the St. Louis City Counselor's Office

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 6th day of August, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE